Filed 7/10/23  P. v. Arteaga CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY ARTEAGA,<br><br>    Defendant and Appellant. | B318334<br><br>(Los Angeles County<br>Super. Ct. No. BA125437) |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Affirmed.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Anthony Arteaga appeals from the superior court's order denying his petition for resentencing under Penal Code section 1172.6 (formerly section 1170.95).[1] The court denied the petition without issuing an order to show cause. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Arteaga Pleads No Contest to Second Degree Murder*

In July 1996 the People charged Arteaga with the murder of Gabriel Gomez and the attempted willful, deliberate, and premeditated murder of Juan Garcia. The People alleged that in committing both offenses Arteaga personally used a deadly or dangerous weapon (a knife), within the meaning of section 12022, subdivision (b)(1), and that he inflicted great bodily injury on Garcia, within the meaning of section 12022.7, subdivision (a). The People also charged codefendant Raymond Richard with assaulting another individual with a firearm, in violation of section 245, subdivision (a)(2), and being an accessory to murder by harboring, concealing, or aiding Arteaga with the intent that Arteaga escape arrest, trial, conviction, or punishment, in violation of section 32.

In March 1997 Arteaga pleaded no contest to second degree murder (Gomez). The trial court dismissed the remaining counts and sentenced Arteaga to a prison term of 15 years to life.

---

[1] Statutory references are to the Penal Code.

B.    *The Superior Court Denies Arteaga's Petition Under Section 1172.6*

In May 2021 Arteaga filed a petition for resentencing under section 1172.6.  Using a printed form, Arteaga alleged that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that he pleaded guilty or no contest to first or second degree murder in lieu of going to trial because he believed he could have been convicted of first or second degree murder at trial under the felony-murder rule or the natural and probable consequences doctrine; and that he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189.  Arteaga also asked the court to appoint counsel to represent him during the resentencing process. Arteaga checked a box stating he was not a major participant in a felony and did not act with reckless indifference to human life during the crime or felony.  He did not, however, check the box stating he was not the actual killer or the box stating he did not, with the intent to kill, aid and abet the actual killer in the commission of murder in the first degree.

In a declaration in support of the petition, Arteaga stated under penalty of perjury there was no evidence he "harbored malice aforethought . . . or acted with a specific intent to cause death or bodily injury to Mr. Gabriel Gomez and Mr. Juan Garcia."  Arteaga asserted that, "had his intentions truly been to kill or seriously injure Mr. Gomez and Mr. Garcia, [he] had the opportunity to inflict much more injury upon them than just the single stab wound imposed on each of them, as they turned their backs to [him] after being assaulted and placing themselves in a

3

much more vulnerable position." Citing Garcia's testimony at the preliminary hearing, Arteaga stated that the fact he "made no attempt to pursue or inflict any further injury on either of the named individuals, clearly shows a lack of malice and of specific intent." Arteaga declared that, although he "accepts full responsibility for committing these terrible crimes as a juvenile who never appreciated the risks of his actions, [he] maintains that he never harbored malice or intended to kill Mr. Gomez or hurt Mr. Garcia . . . ."

The superior court appointed counsel to represent Arteaga. The People filed an opposition to the petition, arguing Arteaga was ineligible as a matter of law because he was the actual killer and was not prosecuted under a theory of felony murder or natural and probable consequences. The People argued that "Arteaga was the sole person charged and convicted of the murder, because he was the actual killer," and that Richard, "on the other hand, was not charged or convicted of murder" but instead "was convicted of being an accessory after the fact and of exhibiting a firearm." The People supported their opposition with testimony by Garcia and other witnesses at the preliminary hearing about how Arteaga stabbed Gomez and Garcia at a nightclub.

Counsel for Arteaga filed a response, arguing that the testimony at the preliminary hearing was inadmissible hearsay and that the court could not deny Arteaga's petition at the prima facie stage of the proceedings without engaging in improper factfinding. Neither Arteaga nor his counsel ever claimed the statements in Arteaga's petition about how he stabbed Gomez and Garcia were inaccurate or mistaken, nor did either of them

4

ever seek to amend the petition to remove or change those statements.

The superior court denied Arteaga's petition for resentencing under section 1172.6, ruling he had failed to establish a prima facie case for relief. The court stated it had read and considered the transcripts of the preliminary hearing and the hearing where Arteaga pleaded no contest, Arteaga's petition for resentencing and his supporting declaration, the People's response to the petition, and counsel for Arteaga's reply. After observing that Arteaga had not checked the box on the petition stating he was not the actual killer and that he had signed the form under penalty of perjury, the court ruled the statements in Arteaga's declaration confirmed he was the actual killer. After summarizing the testimony at the preliminary hearing, the court ruled Arteaga had not made a prima facie showing under section 1172.6. The court stated: "Without making any credibility determinations, or weighing of the evidence or exercise of discretion, the court finds Arteaga was the actual killer. [Arteaga] was charged and convicted of [second] degree murder with malice, and no underlying felony or target offense was identified in the felony complaint, information, preliminary hearing testimony or plea/conviction. Without the underlying felony or target offense, neither felony murder nor natural and probable consequence doctrine would have been viable theories when [Arteaga] was convicted. The defense has not proffered or presented any evidence to the contrary. Because Arteaga was the actual killer, he is not eligible for relief." Arteaga timely appealed.

# DISCUSSION

A. *Section 1172.6*

Effective 2019, the Legislature substantially modified the law governing accomplice liability for murder, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder (*People v. Reyes* (2023) ___ Cal.5th ___, ___ (June 29, 2023, S270723) [2023 WL 4242765, p. 1]; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843) and significantly narrowing the felony-murder exception to the malice requirement for murder (§§ 188, subd. (a)(3), 189, subd. (e); see *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*)).[2] Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (e). The latter provision requires the People to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); that the defendant, though not the actual killer, with the intent to kill assisted in the commission of the murder (§ 189, subd. (e)(2)); or that the defendant was a major participant in a felony listed in section 189, subdivision (a), and acted with reckless indifference to human life, "as described in subdivision (d) of Section 190.2," the felony-murder special-circumstance provision. (§ 189, subd. (e)(3); see *Strong*, at p. 708; *Gentile*, at pp. 842-843.)

---

[2] The Legislature later renumbered section 1170.95 to section 1172.6. (See *People v. Strong*, *supra*, 13 Cal.5th at p. 708, fn. 2.)

Section 1172.6 authorizes an individual convicted of felony murder or murder based on the natural and probable consequences doctrine to petition the superior court to vacate the conviction and be resentenced on any remaining counts if he or she could not now be convicted of murder because of the legislative changes to the definitions of the crime.  (See *People v. Strong*, *supra*, 13 Cal.5th at p. 708; *Lewis*, *supra*, 11 Cal.5th at p. 957; *People v. Gentile*, *supra*, 10 Cal.5th at p. 843.)  If a section 1172.6 petition contains all the required information, the court must appoint counsel to represent the petitioner if requested.  (*Lewis*, at pp. 962-963; see § 1172.6, subd. (b)(1)(A), (3).)  The prosecutor must then file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing he or she is entitled to relief.  (§ 1172.6, subd. (c).)

In deciding whether a petitioner has made a prima facie showing for relief under section 1172.6, "'"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause."'"  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  The court may consider the record of conviction, which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Ibid*.; see *People v. Williams* (2022) 86 Cal.App.5th 1244, 1251.)  "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of

discretion.'" (*Lewis*, at p. 972; see *People v. Eynon* (2021) 68 Cal.App.5th 967, 975.)

"Nevertheless, the court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief *as a matter of law*. '"[I]f the record, including the court's own documents, 'contain[s] facts refuting the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,'"' thereby deeming the petitioner ineligible." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*); see *Lewis*, *supra*, 11 Cal.5th at p. 971.) We review de novo an order denying a petition under section 1172.6 without issuing an order to show cause. (*Harden*, at p. 52; *People v. Coley* (2022) 77 Cal.App.5th 539, 545.)

B. *Arteaga Is Ineligible for Relief Under Section 1172.6 as a Matter of Law Because He Was the Actual Killer*

Whether, after *Lewis*, *supra*, 11 Cal.5th 952, the superior court may consider the transcript of a preliminary hearing as part of the record of conviction at the prima facie stage, where the petitioner admits the transcript provides a factual basis for the plea, is not entirely settled. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 989 [courts "are split on the import of the preliminary hearing transcript in determining whether a petitioner has made a prima facie case for resentencing" under section 1172.6]; compare *id.* at p. 991 [a court may not rely on the preliminary hearing transcript to find the defendant is not eligible for relief under section 1172.6 at the prima facie stage, even where the defendant stipulates the transcript provides a factual basis for a plea], *People v. Eynon*, *supra*, 68 Cal.App.5th at pp. 975-976 [under section 1172.6, that the magistrate held the defendant to answer at the preliminary hearing "does not

8

constitute a factual finding that the allegation is true" or "even constitute a determination that the allegation is supported by substantial evidence"], and *People v. Rivera* (2021) 62 Cal.App.5th 217, 226, 238 [a court may not rely on a grand jury transcript to find the defendant is not eligible for relief under section 1172.6 at the prima facie stage, even where the defendant stipulates the grand jury transcript provides a factual basis for a plea], review granted Jan. 19, 2022, S268405, with *People v. Davenport* (2021) 71 Cal.App.5th 476, 481 [a court may rely on a preliminary hearing transcript as part of the record of conviction where the defendant admits the transcript provides the factual basis for the plea].)  The Supreme Court granted review in *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670, to decide whether a superior court engages in impermissible judicial factfinding by relying on the preliminary hearing transcript to deny a defendant's petition under section 1172.6 at the prima facie stage.

Here, although counsel for Arteaga stipulated to a factual basis for the plea, he did not stipulate the transcript of the preliminary hearing was the factual basis.  Thus, even under *People v. Davenport*, *supra*, 71 Cal.App.5th 476, review granted, the superior court erred in relying on the transcript of Arteaga's preliminary hearing.  As the People concede:  "It appears that the superior court may have erred in relying on the preliminary hearing transcript because it is unclear whether [Arteaga] stipulated to that transcript as the factual basis of his plea."

Any error in relying on the preliminary hearing transcript at the prima facie stage, however, was harmless because Arteaga admitted he was the actual killer.  (See *Lewis*, *supra*, 11 Cal.5th at pp. 957-958, 973-974 [errors in denying a section 1172 .6

petition are evaluated under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818, 836.) Not only did Arteaga not check the box in his petition stating he was not the actual killer (or the box stating he did not aid and abet the actual killer), Arteaga admitted he was the one who stabbed Gomez and Garcia. Gomez stated under oath that he "imposed" a single stab wound on each victim and that, had he wanted to, he could have inflicted "much more injury" on both of them after they turned away from him. He also stated that, although he stabbed Gomez and Garcia, he did not pursue them or inflict any "further injury" on them. Taking those allegations as true, as we must (see *Lewis*, at p. 971 [at the prima facie stage the court must take the defendant's factual allegations as true and decide whether the defendant would be entitled to relief if the factual allegations were proved]), Arteaga is not eligible for relief under section 1172.6 because he was the actual killer. (See *People v. Garcia* (2022) 82 Cal.App.5th 956, 973 ["As a matter of law, resentencing relief under section 1172.6 is not available to an 'actual killer.'"]; *People v. Garrison* (2021) 73 Cal.App.5th 735, 744 [a defendant who was the actual killer is ineligible for resentencing under section 1172.6]; see also *People v. Gentile*, *supra*, 10 Cal.5th at p. 842 [the Legislature "'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer"].)

Arteaga argues that the superior court "failed to acknowledge the contradictory nature of the averments, for on the one hand Arteaga said he was eligible for relief but on the other hand said he stabbed Gomez, something that would might [*sic*] him ineligible for relief" and that the court "made a

credibility determination in accepting one portion of the declaration while rejecting the other." Arteaga's declaration was not contradictory. Whether Arteaga was eligible for relief under section 1172.6 at the prima facie stage was an issue of law, not fact, and Arteaga's assertion he was eligible was a legal one, not a factual one. (See *Lewis*, *supra*, 11 Cal.5th at p. 966 [the question at the prima facie stage is whether the record of conviction shows the petitioner is ineligible for relief as a matter of law]; *People v. Flores*, *supra*, 76 Cal.App.5th at p. 991 ["it is now well-settled that the prima facie determination is a question of law"].) A legal assertion about which Arteaga could be, and indeed was, wrong. As the People explain, Arteaga "mistakenly thought he was eligible for relief, even though he was the actual killer, because he claimed that the evidence was insufficient to show that he acted with malice aforethought." In contrast, whether Arteaga killed Gomez with a knife was an issue of fact, and Arteaga stated in his declaration he did. The superior court did not weigh or credit that factual statement over another.

## DISPOSITION

The order denying Arteaga's petition under section 1172.6 is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.

ESCALANTE, J.*

---

* Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.